## Byer's Estate.

Argued April 20, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*Jacob Weinstein,* with him *Maurice J. Speiser,* for appellant.

*A. L. Shapiro* and *Harry Shapiro,* for appellee, were not heard.

PER CURIAM, May 11, 1931:

Anna Byer, a widow, died October 7, 1926, intestate, without issue. Letters of administration were granted to Ida Goldstein. At the audit of her account, Samuel Archess, appellant, objected to distribution of decedent's estate to her nieces and nephews, the persons entitled under the intestate laws, and claimed ownership of the entire assets of the estate as listed in the account, under an alleged gift causa mortis.

The circumstances under which the alleged gift was made are as follows: Two days before her death in the Lankenau Hospital, Philadelphia, Mrs. Byer was seized with a heart attack on the street and brought by neighbors into appellant's house near by, where she boarded. Physicians advised the patient's removal to a hospital. She consented to be taken to Lankenau Hospital, insisting, however, on first visiting her room, where she secured an envelope which she handed appellant, stating that, if she did not come back, it would be his, that he should take care of her, and assuring the doctor that

appellant would pay his bill. A number of witnesses testified to these facts; we find no evidence, however, as to the contents of the envelope, except that it contained "papers." The orphans' court, upon petition of decedent's administratrix, ordered appellant to deliver to petitioner specified securities and other personal property. Appellant contends the securities and property so obtained by the administratrix were in the envelope given him by decedent at the time she left his house for the hospital. The court found there was no proof that the properties claimed by appellant and now included in the inventory and appraisement were in the envelope handed appellant; the record discloses evidence to sustain the finding. The court below was correct in holding this to be a vital bar to appellant's title to the securities and other property he now claims as a gift causa mortis. Appellant's claim must be rejected for lack of sufficient evidence to support it. Discussion of the other questions raised on this appeal becomes unnecessary.

The decree of the court below is affirmed; costs to be paid out of the estate.